1  TYLER ATKINSON (257997)
   HILARY WEDDELL (293276)
2  McMANIS FAULKNER
   a Professional Corporation
3  50 West San Fernando Street, 10th Floor
   San Jose, California 95113
4  Telephone:   (408) 279-8700
   Facsimile:   (408) 279-3244
5  Email:       tatkinson@mcmanislaw.com

6  Attorneys for Defendant,
   INTEL CORPORATION
7

8                  UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                       SAN JOSE DIVISION

11

12 | LARRY GOLDEN | Case No.: C-22-03828 NC |
   | Plaintiff, | **DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS** |
   | vs. | **[Fed. R. Civ. P. 12(b)(1), 12(b)(6)]** |
   | INTEL CORPORATION | Date:   September 21, 2022 |
   | Defendant, | Time:   1:00 p.m. |
   |  | Ctrm.:  5, 4th Floor |
   |  | Judge:  Hon. Nathanael M. Cousins |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on September 21, 2022 at 1:00 p.m., or as soon thereafter as the matter may be heard before the Honorable Nathanael M. Cousins, in the United States District Court for the Northern District of California, Courtroom 5, 4th Floor, Defendant Intel Corporation will and hereby does move to dismiss the claims presented in Plaintiff Larry Golden's Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, on the grounds that Plaintiff lacks standing and has failed to state a claim on which relief may be granted.  This motion is based upon the arguments presented in the accompanying memorandum of points an authorities, the request for judicial notice and declaration of Tyler Atkinson filed in support of this motion, the pleadings and other documents on file with the Court, and such other arguments as may be presented at the hearing.

DATED:  August 2, 2022

McMANIS FAULKNER

/s/ *Tyler Atkinson*
TYLER ATKINSON

Attorneys for Defendant, Intel Corporation

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................................................... 6

FACTUAL AND PROCEDURAL BACKGROUND ............................................................... 7

    I.    PLAINTIFF APPEARS TO OWN A COLLECTION OF PATENTS CONCERNING THE DETECTION OF CHEMICAL, RADIOLOGICAL, AND BIOLOGICAL HAZARDS. ..................................... 7

    II.    PLAINTIFF HAS LOST SIX (6) LAWSUITS CONCERNING THE SAME PATENTS AT ISSUE HERE. ........................................................ 7

    III.    PLAINTIFF USES A "DIZZYING ARRAY OF DISORGANIZED ASSERTIONS" AND "DISINGENUOUSLY" QUOTES LANGUAGE FROM HIS PATENTS. .............................................................. 8

    IV.    SUMMARY OF PLAINTIFF'S ALLEGATIONS. ......................................... 10

LEGAL ARGUMENT ............................................................................................................. 12

    I.    PLAINTIFF DOES NOT HAVE STANDING TO PURSUE HIS ANTITRUST CLAIMS. ............................................................................... 13

    II.    THE COMPLAINT FAILS TO STATE A CLAIM FOR ALLEGED ANTITRUST VIOLATIONS. ........................................................ 15

        A.    Plaintiff Fails to State, and Cannot State, a Claim under the Sherman Act. ............................................................................... 15

        B.    Plaintiff Fails to State, and Cannot State, a Claim under the Clayton Act. ................................................................................. 16

    III.    THE COMPLAINT FAILS TO STATE A CLAIM FOR INFRINGEMENT ........................................................................................ 16

    IV.    PLAINTIFF SHOULD BE DENIED LEAVE TO AMEND. ........................... 17

CONCLUSION ........................................................................................................................ 18

# TABLE OF AUTHORITIES

**Cases**

*Am. Ad Mgmt., Inc. v. Gen. Tel. Co. of Cal.*
    190 F.3d 1051 (9th Cir. 1999) ............................................................................................... 14

*Ascon Properties, Inc. v. Mobil Oil Co.*
    866 F.2d 1149 (9th Cir. 1989) ............................................................................................... 18

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009) ....................................................................................................... 16, 17

*Associated General Contractors of California, Inc. v. California State Council of Carpenters*
    459 U.S. 519, (1983) ..................................................................................................... 13, 14

*Atl. Richfield Co. v. USA Petroleum Co.*
    495 U.S. 328 (1990) ............................................................................................................. 14

*Bahn v. NME Hosps., Inc.*
    772 F.2d 1467 (9th Cir. 1985) ............................................................................................... 14

*Bell Atlantic Corp. v. Twombly*
    550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ................................................. 16, 17

*Bubar v. Ampco Foods, Inc.*
    752 F.2d 445 (9th Cir.1985) ................................................................................................. 14

*California Architectural Bldg. Prod. v. Franciscan Ceramics*
    818 F.2d 1466 (9th Cir. 1988) ............................................................................................... 17

*California Computer Prod., Inc. v. Int'l Bus. Machines Corp.*
    613 F.2d 727 (9th Cir. 1979) ................................................................................................ 15

*Cyntegra, Inc. v. Idexx Lab'ys, Inc.*
    520 F. Supp. 2d 1199 (C.D. Cal. 2007) ................................................................................ 13

*Foman v. Davis*
    371 U.S. 178 (1962) ............................................................................................................. 17

*Golden v. Apple Inc.*
    2020 WL 11624670 (D.S.C. Sept. 11, 2020) ......................................................................... 9

*Golden v. Apple Inc.*
    2021 WL 4260782 (D.S.C. 2021) ............................................................................. 6, 8, 9, 12

*Golden v. Apple Inc.*
    2021 WL 5074739 (D.S.C. Nov. 2, 2021) ............................................................. 7, 8, 12, 13

*Golden v. Apple Inc.*
  819 F. App'x 930 (Fed. Cir. 2020) .................................................................. 7, 9, 12, 14, 15, 16, 17

*Golden v. Google, LLC*
  2021 WL 5890440 (D.S.C., 2021) ................................................................................. 14, 15

*Golden v. Google, LLC*
  No. 6:21-CV-00244-JD-KFM, 2021 WL 5083804 (D.S.C. Nov. 2, 2021) .......................... 7, 12

*Golden v. United States*
  C/A No 1:13-cv-00307-EGB, 156 Fed. Cl. 623 (Nov. 10, 2021) ................................... 8, 12, 13

*Lujan v. Defs. of Wildlife*
  504 U.S. 555 (1992) .................................................................................................... 13

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*
  269 F. Supp. 2d 1213 (C.D. Cal. 2003) ........................................................................ 14

*Wuxi Multimedia Ltd. v. Koninklijke Philips Elecs., N.A.*
  280 F. App'x 968 (Fed. Cir. 2008) ............................................................................... 15

**Statutes**

15 U.S.C. § 15 ................................................................................................................ 16

**Rules**

Federal Rules of Civil Procedure 12(b)(1)  ................................................................... 2, 6

Federal Rules of Civil Procedure 12(b)(6)  ................................................................... 2, 6

## INTRODUCTION

Defendant Intel Corporation ("Defendant") brings this motion to dismiss the complaint of Plaintiff Larry Golden ("Plaintiff" or "Golden") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[1]  Plaintiff has lost numerous patent-related cases and appeals concerning the same patents at issue in this matter.  These actions have been dismissed no fewer than six (6) times at the complaint stage, with dismissal affirmed on appeal, in four (4) different federal court systems: the Federal District of South Carolina, the Court of Federal Claims, the Fourth Circuit Court of Appeals, and the Court of Appeals for the Federal Circuit.

Golden has unsuccessfully sued over a dozen private companies, and the federal government, concerning the very same patents.  He now targets a new defendant, Intel, in a new jurisdiction, hoping for a different result.  As with his previous attempts, Plaintiff seeks tens of billions of dollars in purported damages, alleging some kind of theory involving his patents: 7,385,497 ('497 patent); 8,106,752 ('752 patent); 9,096,189 ('189 patent); 9,589,439 ('439 patent); 10,163,287 ('287 patent); 10,984,619 ('619 patent); and RE43,891 ('891 patent). Golden claims Intel has been "unjustly enriched" "to the tune of hundreds of billions of dollars for using my patented CMDC devices (i.e., laptops; desktop PCs. [*sic*] etc.)." (Complaint, ¶ 85 (emphasis removed)).

The Federal District of South Carolina has deemed these actions "frivolous."  In an attempt to sidestep his extensive history of failed patent claims, Golden has added antitrust theories to his case.  However, as one court noticed: "[P]laintiff, who unsuccessfully sought damages against many of the defendants in the court for patent infringement . . . appears to seek relief for the same infringing actions by dressing the case as asserting violations of the Sherman Act, [and] the Clayton Act . . . ."  *Golden v. Apple Inc.*, 2021 WL 4260782, at *3 (D.S.C. 2021).

The present case should be dismissed for the same reasons as the others: "The complaint itself offers only vague generalities . . . , but nowhere points us to any nonfrivolous allegations of

---

[1] Unless otherwise specified, all future references to a "Rule" are to the Federal Rules of Civil Procedure.

infringement of any claim by any actual product made, used, or sold by any defendant." *Golden v. Apple Inc.*, 819 F. App'x 930, 931 (Fed. Cir. 2020), cert. denied, 141 S. Ct. 1067, 208 L. Ed. 2d 530 (2021).  As the Federal Circuit observed, even for a pro per, "the plaintiff's vague and conclusory allegations fail to state a claim for relief." *Ibid*.  The antitrust allegations are equally without merit.  Plaintiff has not stated claims for antitrust violations and lacks Article III and statutory standing to bring them.

For all of these reasons, and in light of Plaintiff's extensive history of filing frivolous lawsuits containing the same allegations, the complaint should be dismissed with prejudice.

**FACTUAL AND PROCEDURAL BACKGROUND**

**I.    PLAINTIFF APPEARS TO OWN A COLLECTION OF PATENTS CONCERNING THE DETECTION OF CHEMICAL, RADIOLOGICAL, AND BIOLOGICAL HAZARDS.**

Plaintiff owns the rights to "a family of patents concerning a device for detecting chemical, radiological, and biological hazards." *Golden v. United States*, No. 13-307C, Dkt. 249 (U.S. Ct. Fed. Claims, Nov. 10, 2021).  These patents are formally entitled, "multi sensor detection and lock disabling system" and "multi sensor detection, stall to stop and lock disabling system." (*See* Atkinson Decl., ¶¶ 18-24, Exhs. Q through W (the patents at issue)).  "The patents appear to involve technology that can be used to detect explosives/radiation and then disable vehicles or other apparatuses wherein the explosives/radiation are detected." *Golden v. Apple Inc.*, 2021 WL 5074739, at *1 (D.S.C. Nov. 2, 2021).  Plaintiff refers to these patents as "CMDC patents," referencing a phrase that appears in some of his patent claims: "communicating, monitoring, detecting, and controlling."  (*See*, e.g., Atkinson Decl., ¶ 22, Exh. U at p. 26)

**II.   PLAINTIFF HAS LOST SIX (6) LAWSUITS CONCERNING THE SAME PATENTS AT ISSUE HERE.**

Golden has sued over a dozen private companies concerning the same patents at issue here, based on the same or similar allegations.  Six (6) of these cases have been dismissed and none of these cases have made it beyond the complaint stage. *Golden v. Google, LLC*, No. 6:21-CV-00244-JD-KFM, 2021 WL 5083804 (D.S.C. Nov. 2, 2021) (dismissing complaint as "frivolous"), C/A No. 21-2318, 2021 WL 8566191 (4th Cir. Dec. 7, 2021) (dismissing appeal);

*Golden v. Apple Inc.*, No. 6:20-CV-04353-JD-KFM, 2021 WL 5074739 (D.S.C. Nov. 2, 2021) (dismissing complaint as "frivolous"); *Golden v. Apple Inc.*, No. 6:20-CV-02270-JD-KFM, 2021 WL 4260782 (D.S.C. Sept. 20, 2021) (dismissing complaint as "frivolous"), dismissal aff'd C/A No. 21-2160, 2022 WL 986984 (4th Cir. Mar. 31, 2022); *Golden v. Apple Inc.*, et al., C/A No. 6:19-cv-02557-DCC, 2020 WL 415896 (D.S.C. Jan. 27, 2020) (dismissing case as duplicative); dismissal aff'd C/A No. 20-1508, 2020 WL 5240656, 819 Fed.Appx. 930 (Fed. Cir. Sept. 3, 2020) (affirming dismissal "not on the basis of duplicity, but on the ground of frivolousness"). (*See*, Atkinson Decl., ¶¶ 2-12, Exhs. A through K, attaching, respectively, the operative complaints, dismissals, and decisions on appeal.) Golden has lost other cases, as well, concerning alleged patent infringement and federal civil rights violations. *Golden v. United States*, C/A No. 1:19-cv-00104-EGB (Fed. Cl.), Dkt. 12 (Fed. Cl. May 14, 2019) (dismissing complaint for failure to state a claim and as duplicative), dismissal aff'd 955 F.3d 981 (Fed. Cir. 2020) and *Golden v. United States*, C/A No 1:13-cv-00307-EGB, 156 Fed. Cl. 623 (Nov. 10, 2021) (dismissing case and stating, "[e]nough time and resources have been expended by the court and the Department of Justice dealing with these allegations"). (*See* Atkinson Decl., ¶¶ 13-17, Exhs. L through P, attaching, respectively, the operative complaints, dismissals, and decisions on appeal).

### III. PLAINTIFF USES A "DIZZYING ARRAY OF DISORGANIZED ASSERTIONS" AND "DISINGENUOUSLY" QUOTES LANGUAGE FROM HIS PATENTS.

Courts reviewing Golden's pleadings and litigation history have recognized a pattern: Golden's complaints are vague, overly generalized, and drafted to evade previous adverse rulings. In a 2020 *per curium* opinion of the Federal Circuit, the court unanimously affirmed dismissal of an action concerning the same patents at issue here:

> Golden's amended complaint here, like his initial complaint, even if not duplicative of the earlier filed action against the government, "contains only conclusory formulaic recitations of the elements of patent infringement as to each defendant." Magistrate Judge Initial Order at 5, *Golden v. Apple Inc.*, No. 6:19-cv-02557 (D.S.C. Oct. 1, 2019), ECF No. 12. . . .  The complaint itself offers only vague generalities and block quotes of statutes, cases and treatises, but nowhere points us to any nonfrivolous allegations of infringement of any claim by any actual product made, used, or sold by any defendant.

8
DEFENDANT INTEL CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; CASE NO. C-22-03828 NC

> The complaint also references "claim charts" for each defendant and each patent. *E.g., id.*, ECF No. 16-14. These claim charts present a dizzying array of disorganized assertions over several hundred pages, disingenuously using the words of the claims to generally describe cryptically identified structures. Although Golden appeals pro se and is therefore entitled to a certain leeway in interpreting his complaint, we agree with the magistrate judge's conclusion that "the plaintiff's vague and conclusory allegations fail to state a claim for relief." Magistrate Judge Initial Order at 5.
>
> For these reasons, we affirm the district court's dismissal without prejudice and without service of process, not on the basis of duplicity, but on the ground of frivolousness.

*Golden v. Apple Inc.*, 819 F. App'x 930, 931 (Fed. Cir. 2020), cert. denied, 141 S. Ct. 1067, 208 L. Ed. 2d 530 (2021).  (*See* Atkinson Decl., ¶ 12, Exh. K.)

After losing multiple infringement actions, Golden modified his approach, alleging antitrust violations of the Sherman Act and Clayton Act, still based on an alleged unclear and difficult to understand theory of contributory infringement of his hazard-detection patents.  In a 2021 opinion of the District of South Carolina, the court dismissed such a lawsuit and adopted a magistrate's report and recommendation with slight modifications.  The court expressly noted that Golden appeared to use antitrust theories to evade earlier rulings dismissing the infringement actions.  *Golden v. Apple Inc.*, 2020 WL 11624670, at *5 (D.S.C. Sept. 11, 2020), report and recommendation adopted as modified 2021 WL 4260782 (D.S.C. Sept. 20, 2021), aff'd, No. 21-2160, 2022 WL 986984 (4th Cir. Mar. 31, 2022) ("the plaintiff cannot circumvent the court's prior ruling by labeling substantially similar allegations as seeking damages under the Sherman/Clayton Acts instead of for patent infringement").

The court rejected Golden's attempt to repackage infringement claims as antitrust claims, and found that, either way, he had failed to state claims.  "[A]lthough the plaintiff's complaint asserts various claims, they all rely upon alleged infringement of the plaintiff's patents." *Golden v. Apple Inc.*, No. 6:20-CV-02270-JD-KFM, 2021 WL 4260782, at *3 (D.S.C. Sept. 20, 2021) (quoting magistrate's report and recommendation), aff'd, No. 21-2160, 2022 WL 986984 (4th Cir. Mar. 31, 2022).  "Indeed, the plaintiff, who unsuccessfully sought damages against many of the defendants in the court for patent infringement . . . appears to seek relief for the same infringing actions by dressing the case as asserting violations of the Sherman Act, the Clayton

Act, and various South Carolina Laws." *Id.* (quoting magistrate's report and recommendation). The court further stated that "plaintiff's patent infringement claims are subject to dismissal because the plaintiff has failed to include factual allegations beyond the identities of the defendants, reference to the CMDC device, and the alleged infringed-upon patents" which was the basis for the dismissal in Plaintiff's previous case alleging patent infringement claims. *Id.*

## IV.     SUMMARY OF PLAINTIFF'S ALLEGATIONS.

As with the previous cases, the complaint in *Golden v. Intel* is impermissibly vague. (*See*, e.g., Atkinson Decl., ¶ 12, Exh. K (noting the Plaintiff's complaint contained "generalized statements of infringement")).  The complaint misleadingly implies that Golden has patents for "laptops," "cell phones," and "CPUs."  (*See* Complaint, ¶ 10 ("Intel has unjustly enriched itself with the unauthorized use of Plaintiff's patented CPU(s), Plaintiff's patented new and improve laptops and desktop PCs . . . ."); ¶ 74 ("Plaintiff believes Intel produced Plaintiff's patented CPUs . . . .")).  However, the patents referenced in the complaint, and the records attached to the complaint as exhibits, show that Golden's patents are for threat-detection devices that may use laptops, cell phones, or CPU technologies.  (*See* Complaint at Exhs. B through H (Dkts. 1-3, 1-5, 1-7); Atkinson Decl., ¶¶ 18-24, Exhs. Q through W).  Golden falsely insinuates that he owns a patent in a CPU, a claim belied by the patents themselves.  (*See*, e.g. Complaint, ¶¶ 10, 43; Golden patents, Atkinson Decl., ¶¶ 18-24, Exhs. Q through W).

Plaintiff alleges Intel "formed" a monopoly by producing "infringing" CPUs that process instructions for plaintiff's threat-detection devices.  (Complaint, ¶ 1).  Plaintiff alleges Intel engages in "exclusionary conduct" that "raises prices paid by consumers for Plaintiff's . . . laptops, desktop PCs, cell phones, and stall, stop, and vehicle slowdown systems."  (*Id.* at ¶ 2). Intel's "contributory infringement commence from the manufacture of the patented CPUs . . . ." (*Id.* at ¶ 6 (quotation marks, emphasis, and ellipsis removed from original text)).

Although he does not allege that he is a "computer maker," Golden states that: "Intel continues its retaliation against computer makers if they do business with non-Intel suppliers by withholding benefits from them."  (Complaint, ¶ 9).  Although he does not allege he is a competitor, Plaintiff claims, "Intel has excluded competitors and harmed competition through

10

DEFENDANT INTEL CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; CASE NO. C-22-03828 NC

interrelated policies and practices." (*Id.*, ¶ 7). Plaintiff does not further identify the alleged "interrelated policies and practices." However, he states that, "Intel continues to condition benefits to computer makers in exchange for their promise to buy chips from Intel exclusively or to refuse to buy chips from others." (*Id.*, ¶ 8).

Golden asserts that one of his patents was "found to be acceptable" in an *Inter Partes* Review (Complaint, ¶ 29). In fact, contrary to this statement, the *only* decision of the *Inter Partes* Review was to grant a petition challenging claims 11, 74, and 81 of plaintiff's RE43,990 patent. (IPR2014-00714, Decision entered October 8, 2014; *see* Atkinson Decl., ¶ 25, Exh. X). This IPR case was initiated by U.S. Homeland Security, and was ultimately the purported basis for Golden's unsuccessful litigation against the United States, alleging that the IPR petition and proceeding itself was "a taking." *See Golden v. United States*, 955 F.3d 981, 989 (Fed. Cir.), cert. denied, 141 S. Ct. 908, 208 L. Ed. 2d 460 (2020), reh'g denied, 141 S. Ct. 2558, 209 L. Ed. 2d 580 (2021).

Golden does not allege (and cannot allege) any facts to support a plausible inference of specific intent to monopolize, nor does he clearly allege the possession of monopoly power in a relevant market, the willful acquisition or maintenance of that power, and a causal "antitrust injury." Instead, he alleges generally—based on his own "beliefs"—that "Plaintiff **believes** Intel is in violation of Section 2 of the Sherman Act, because Intel maintained a specific intent to monopolize both current and future generations of laptops, desktop PCs, and CPUs." (Complaint, ¶ 32 (emphasis added)). "Plaintiff **believes** Intel has violated Section 2 of the Sherman Act by maintaining a monopoly with the use; the making; the offering for sale; and the sale of Plaintiff s patented new, useful, and improved upon CMDC devices of a laptop, a desktop (PC), and a central processing unit." (*Id.*, ¶ 42 (emphasis added)). "Plaintiff **believes** Intel's invasion on Plaintiffs intellectual property subject matter is too expansive to be coincidental." (*Id.*, ¶ 73 (emphasis added)).

Plaintiff attempts to allege both direct infringement (Complaint, ¶¶ 21, 77). and some type of notion of contributory infringement (*Id.* at ¶¶ 76-83). In support of these allegations, plaintiff includes "claims charts" from his previous cases. (See, e.g., Complaint, ¶ 35 and the

exhibits attached to Plaintiff's complaint).  The Federal Circuit previously reviewed similar material, calling plaintiff's charts "a dizzying array of disorganized assertions over several hundred pages, disingenuously using the words of the claims to generally describe cryptically identified structures."  *Golden v. Apple Inc.*, 819 F. App'x 930, 931 (Fed. Cir. 2020), cert. denied, 141 S. Ct. 1067, 208 L. Ed. 2d 530 (2021).

Plaintiff references his Court of Federal Claims litigation.  (S*ee, e.g.*, Complaint ¶¶ 34, 36).  However, he does not acknowledge the court in the same case dismissed the action, finding it "painfully obvious" plaintiff could not allege what component of any "devices infringe literally, or is even equivalent to, hazard detectors or sensors claimed in his patents."  *Golden v. United States*, 156 Fed. Cl. 623, 629 (2021).

Finally, plaintiff claims Intel has received "hundreds of billions of dollars" in unjust enrichment.  (Complaint, ¶¶ 30, 85).  Plaintiff states that: "Intel has unjustly enriched itself with the unauthorized use of Plaintiff's patented CPU(s), Plaintiff's patented new and improve (sic) laptops and desktop PCs; and, Plaintiff's patented stall, stop, and vehicle slowdown systems . . . ."  (*Id.*, ¶ 10).  Plaintiff sent demand letters and a "licensing offer" to Intel.  (Complaint, ¶ 24).  Plaintiff demanded "a total price of one billion dollars."  (Complaint, Dkt. 1-6, at p. 8).

## LEGAL ARGUMENT

Plaintiff fails to show he can allege a non-frivolous claim under the antitrust statutes, or any type of patent infringement claim.  Plaintiff complains of conduct dating back to 2010 and repeats the same meritless and difficult to understand allegations that he has been making for years in other cases.  *See*, *e.g.*, *Golden v. Google, LLC*, No. 6:21-CV-00244-JD-KFM, 2021 WL 5083804 (D.S.C. Nov. 2, 2021) (dismissing complaint as "frivolous"), C/A No. 21-2318, 2021 WL 8566191 (4th Cir. Dec. 7, 2021) (dismissing appeal); *Golden v. Apple Inc.*, No. 6:20-CV-04353-JD-KFM, 2021 WL 5074739 (D.S.C. Nov. 2, 2021) (dismissing complaint as "frivolous"); *Golden v. Apple Inc.*, No. 6:20-CV-02270-JD-KFM, 2021 WL 4260782 (D.S.C. Sept. 20, 2021) (dismissing complaint as "frivolous"), dismissal aff'd C/A No. 21-2160, 2022 WL 986984 (4th Cir. Mar. 31, 2022); *Golden v. Apple Inc.*, et al., C/A No. 6:19-cv-02557-DCC, 2020 WL 415896 (D.S.C. Jan. 27, 2020) (dismissing case as duplicative); dismissal aff'd C/A

No. 20-1508, 2020 WL 5240656, 819 Fed.Appx. 930 (Fed. Cir. Sept. 3, 2020) (affirming dismissal "not on the basis of duplicity, but on the ground of frivolousness"). (*See* Atkinson Decl., ¶¶ 2-12, Exhs. A through K).  Golden has lost other cases, as well, concerning alleged infringement and federal civil rights violations. *Golden v. United States*, C/A No. 1:19-cv-00104-EGB (Fed. Cl.), Dkt. 12 (Fed. Cl. May 14, 2019) (dismissing complaint for failure to state a claim and as duplicative), dismissal aff'd 955 F.3d 981 (Fed. Cir. 2020) and *Golden v. United States*, C/A No 1:13-cv-00307-EGB, 156 Fed. Cl. 623 (Nov. 10, 2021) (dismissing case and stating, "[e]nough time and resources have been expended by the court and the Department of Justice dealing with these allegations"). (*See* Atkinson Decl., ¶¶ 13-17, Exhs. L through P)

Plaintiff's vague and overly generalized allegations were insufficient in those cases, and should not fare any better here.  As has been shown repeatedly in other cases, plaintiff cannot cure these defects by amendment.

## I. PLAINTIFF DOES NOT HAVE STANDING TO PURSUE HIS ANTITRUST CLAIMS.

Golden has not alleged facts showing that he has standing to bring his antitrust claims.

**First**, for a plaintiff to have Article III standing, he must establish (1) an actual, concrete injury, (2) fairly traceable to the defendant, and (3) that it is likely the injury will be redressed by a favorable decision. *Lujan v. Defs. of Wildlife* (1992) 504 U.S. 555, 560–61.  Golden fails to satisfy any of these requirements.  He does not allege a concrete injury, or how such an injury is attributable to defendant, or how it would be redressable in this action. *See id*.  Based on his previous filings—all of which failed at the pleading stage—it is clear Plaintiff cannot state a facially plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**Second**, to enforce Section 2 of the Sherman Act, a plaintiff must satisfy the standing requirement of Section 4 of the Clayton Act. *Cyntegra, Inc. v. Idexx Lab'ys, Inc.*, 520 F. Supp. 2d 1199, 1208-1210 (C.D. Cal. 2007), aff'd, 322 F. App'x 569 (9th Cir. 2009).  Standing under the Clayton Act is even more limited than that required for Article III justiciability. *See Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 529-535, (1983).  "Therefore, courts have constructed the concept of antitrust

1  standing, under which they 'evaluate the plaintiff's harm, the alleged wrongdoing by the
2  defendants, and the relationship between them,' to determine whether a plaintiff is a proper party
3  to bring an antitrust claim." *Am. Ad Mgmt., Inc. v. Gen. Tel. Co. of Cal.*, 190 F.3d 1051, 1054
4  (9th Cir. 1999) (internal citation omitted).  The Supreme Court has identified certain factors that
5  inform the analysis, including: (1) the nature of the plaintiff's alleged injury (whether it is the
6  type the antitrust laws were intended to forestall); (2) the risk of duplicative recovery; (3) the
7  directness of the injury; (4) the speculative measure of damages; and, (5) whether damages
8  would be complex to apportion.  *American Ad Mgmt.*, 190 F.3d at 1055 (citing *Associated*
9  *General*, 459 U.S. at 538-545; *Bubar v. Ampco Foods, Inc.*, 752 F.2d 445, 449 (9th Cir.1985)).
10        To establish antitrust injury, a plaintiff must show that he suffered an "injury of the type
11  the antitrust laws were intended to prevent and that flows from that which makes defendants'
12  acts unlawful." *American Ad Mgmt.*, 190 F.3d at 1055 (quoting *Atl. Richfield Co. v. USA*
13  *Petroleum Co.*, 495 U.S. 328, 334 (1990)).  Moreover, "the injured party [must] be a participant
14  in the same market as the alleged malefactors." *Bahn v. NME Hosps., Inc.*, 772 F.2d 1467, 1470
15  (9th Cir. 1985); *Am. Ad Mgmt.*, 190 F.3d at 1057 ("Parties whose injuries, though flowing from
16  that which makes the defendant's conduct unlawful, are experienced in another market do not
17  suffer antitrust injury.").   Participation in a related market is insufficient to demonstrate
18  participation in the relevant market. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*,
19  269 F. Supp. 2d 1213, 1221 (C.D. Cal. 2003) (finding that "a party does not have standing
20  simply because it has a commercial relationship with a market participant, thereby giving it an
21  economic interest in avoiding restraint of the relevant market by a third party").
22        Here, Golden has not (and indeed cannot) provide facts to demonstrate he has suffered an
23  injury, let alone an antitrust injury, and therefore lacks standing under both Article III and
24  statute.  He is not a participant in and did not suffer any alleged injury in the same market in
25  which Defendant operates.  There are, additionally, no facts to show that damages would be non-
26  speculative, or even to begin to address whether they would be complex to apportion.  Plaintiff's
27  allegations—like his previous complaints—are "vague and conclusory, referencing just the
28  alleged infringing devices and the alleged infringed-upon patents" *See Golden v. Google, LLC*,

2021 WL 5890440, at *4 (D.S.C., 2021); *Golden v. Apple, Inc.*, et al., 819 F. App'x at 931 (affirming the dismissal of patent infringement claims because the complaint contained only "vague generalities and block quotes of statutes, cases, and treatises, but nowhere points us to any nonfrivolous allegations of infringement of any claim by any actual product made, used, or sold by any defendant").

On the face of the pleading, and in light of plaintiff's litigation history, he will not be able to amend the complaint to introduce facts sufficient to establish antitrust standing. He has also not clearly alleged a concrete injury of any kind, and therefore lacks Article III standing. The complaint should be dismissed under Rule 12(b)(1) and 12(b)(6).

## II. THE COMPLAINT FAILS TO STATE A CLAIM FOR ALLEGED ANTITRUST VIOLATIONS.

### A. Plaintiff Fails to State, and Cannot State, a Claim under the Sherman Act.

Under Section 2 of the Sherman Act, "[t]o state a claim for conspiracy to monopolize and attempt to monopolize, Plaintiffs must set forth facts to support the element of specific intent to monopolize." *Wuxi Multimedia, Ltd. v. Koninklijke Philips Elecs., N.V.*, No. 04cv1136 DMS (BLM), 2006 WL 6667002, at *9 (S.D. Cal. Jan. 5, 2006), *aff'd sub nom. Wuxi Multimedia Ltd. v. Koninklijke Philips Elecs., N.A.*, 280 F. App'x 968 (Fed. Cir. 2008). Plaintiff fails to allege (and cannot allege) any facts to support a plausible inference of specific intent to monopolize. Instead, he merely alleges that he "believes" Intel has specific intent to monopolize (Complaint at ¶ 32) and that "the antitrust violations alleged in this case are too massive to be unintentional" (Complaint at ¶ 68). As with his other cases, such vague, conclusory, and nonsensical allegations are insufficient under *Twombly*. *See, e.g., Golden v. Apple Inc.*, 819 Fed.Appx. 930, 931 (Fed. Cir. 2020); *Golden v. Google, LLC*, 2021 WL 5890440, at *4 (D.S.C. 2021).

A claim under Section 2 for monopolization requires a plaintiff to prove: "(a) the possession of monopoly power in the relevant market; (b) the willful acquisition or maintenance of that power; and (c) causal 'antitrust' injury." *California Computer Prod., Inc. v. Int'l Bus. Machines Corp.*, 613 F.2d 727, 735 (9th Cir. 1979). Plaintiff fails to make (and cannot make) any non-conclusory factual allegations that would tend to show the existence of a monopoly, the

willful acquisition or maintenance of that power, or any "causal antitrust injury."  As just one example, rather than allege actual facts demonstrating an antitrust injury, Plaintiff simply declares he has sufficiently alleged the injury: "Plaintiff has sufficiently articulated he has suffered an injury as a result of Intel's alleged conduct that has affected the competitive process of marketing Plaintiffs new, useful, and improved upon laptops, desktop PCs, and CPUs." (Complaint at ¶ 63).  Saying so does not make it so.  Plaintiff is required to plead facts, not legal conclusions.

To the extent Plaintiff intended to allege a claim under Section 2, it should be dismissed without leave to amend, given the absence of any facts to support this claim.

### B. Plaintiff Fails to State, and Cannot State, a Claim under the Clayton Act.

Under 15 U.S.C. § 15 (Section 4 of the Clayton Act), "any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws" may bring a suit for damages in district court.  As explained above, the Complaint fails to articulate any facts to support a plausible claim that Intel engaged in anti-competitive behavior.  Conclusory statements purporting to state the alleged anti-competitive behavior such vague references to "interrelated policies and practices" (Complaint at ¶ 7). and "exclusionary anticompetitive practices" (*Id.* at ¶ 67) do not suffice.

To the extent Plaintiff is attempting to do so, he has not stated (and cannot state) a claim under the Clayton Act.  Without non-conclusory factual allegations, Plaintiff has failed to inform Intel and the Court of the basis for any antitrust violation he may be attempting to assert.  Simply repeating language from the statutes does not show Plaintiff can state a claim.

### III. THE COMPLAINT FAILS TO STATE A CLAIM FOR INFRINGEMENT.

"Allegations of direct infringement are subject to the pleading standards established by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)." *Golden v. Apple Inc.*, 819 F. App'x 930, 930-931 (Fed. Cir. 2020), cert. denied, 141 S. Ct. 1067.

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007), the United States Supreme Court construed this requirement to mean that the complaint must allege "enough facts

to state a claim to relief that is plausible on its face." A claim is facially plausible only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard requires more than "a sheer possibility that a defendant has acted unlawfully." *Id*. Although courts should assume well-pleaded allegations to be true, allegations that amount to mere legal conclusions are not entitled to a presumption of truth. *See id*. at 678, 681. In applying the standard in *Twombly* and *Iqbal*, courts should first identify any conclusory allegations not entitled to the presumption of truth, and then examine whether the remaining allegations are sufficient to render the claim "plausible." *See id*. at 679-681.

Here, Plaintiff's allegations are the same type of "unadorned, the-defendant-unlawfully-harmed-me" accusations rejected as insufficient in *Iqbal*. *Id*. at 678. As was the case in previous lawsuits, the complaint is almost entirely devoid of facts supporting the claims, and instead contains only conclusory formulaic recitations of the elements of his claims. *See, e.g., Golden v. Apple Inc.*, 819 F. App'x 930 (Fed. Cir. 2020), cert. denied, 141 S. Ct. 1067, 208 L. Ed. 2d 530 (2021) ("Golden's amended complaint . . . contains only conclusory formulaic recitations of the elements of patent infringement . . . ."). Plaintiff has not—and cannot—state a claim for infringement.

## IV.  PLAINTIFF SHOULD BE DENIED LEAVE TO AMEND.

"Valid reasons for denying leave to amend include undue delay, *bad faith*, *prejudice*, and *futility*." *California Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1988) (emphasis added). In determining whether to grant leave to amend, the court considers a variety of factors, including "*repeated failure to cure deficiencies by amendments previously allowed*, *undue prejudice to the opposing party* by virtue of allowance of the amendment, [and] *futility of the amendment*[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962) (emphasis added).

Here, Plaintiff has repeatedly attempted to allege the same frivolous claims in multiple other courts. As demonstrated by these other lawsuits, there are no facts that Plaintiff can allege to support his frivolous and harassing claims. Because the complaint cannot be saved by

amendment, and amendment would be solely an exercise in futility, dismissal without leave to amend is proper. *See Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160-1061 (9th Cir. 1989).

## **CONCLUSION**

The Complaint does not and cannot state a claim, and Plaintiff lacks standing. As such, the Complaint should be dismissed without leave to amend, and the entire action should be dismissed with prejudice.

DATED:  August 2, 2022

McMANIS FAULKNER

/s/ *Tyler Atkinson*
TYLER ATKINSON
HILARY WEDDELL

Attorneys for Defendant, Intel Corporation