UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE)

Larry Golden, *Pro Se* Plaintiff

740 Woodruff Rd., #1102

Greenville, SC 29607

(H) 8642885605

(M) 8649927104

Email: atpg-tech@charter.net

**FILED**

**SEP 13 2022**

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
SAN JOSE OFFICE

LARRY GOLDEN

*Pro Se* Plaintiff,

V.

INTEL CORPORATION.

Defendant.

CASE NO: 5:22-cv-03828-NC

**(JURY TRIAL DEMANDED)**

**(Sherman Act) (The Clayton Act) (Unjust Enrichment) (Contributory Infringement).**

September 8, 2022

# PLAINTIFF'S RESPONSE TO INTEL'S OBJECTION AND MOTION TO STRIKE PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT

Plaintiff's complaint fully complies with the pleading requirements of Federal Rule of Civil Procedure and provides Intel fair notice of the charges against them and the grounds therefor. Discovery and argument will add further detail later; in fact, much more additional supporting factual material was provided by Plaintiff in materials filed in response to Intel's Motion to Dismiss and Plaintiff's Cross-Motion for Summary Judgement (Dkts. 10, 11, & 13).

This Court has subject matter jurisdiction in this matter. Additionally, Plaintiff has sufficiently alleged harm. Accordingly, for the reasons set forth in the original complaint (Dkt. 1) and Plaintiff's Cross-Motion for Summary Judgement, Plaintiff respectfully requests that the Court deny Intel's Motion to Strike Plaintiff's Response and Cross-Motion for Summary Judgement (Dkts. 10, 11, & 13).

## **INTEL HAS FAIL TO DEFEND**

Intel fails to reply [due by 8/23/2022] to "Plaintiff's Respond to Intel's Motion to Dismiss and Plaintiff's Cross-Motion for Summary Judgement" (Dkts. 10, 11, & 13).

Intel is putting forth an intentional effort to mislead or deceive this Court into believing Intel never received a copy of "Plaintiff's Respond to Intel's Motion to Dismiss and Plaintiff's Cross-Motion for Summary Judgement", when Intel states in its Objection and Motion to Strike … "the response was filed on September 1, 2022, two weeks after the response deadline of August 16, 2022, and after Intel's deadline to file a Reply".

**Exhibit A** is proof Plaintiff's documents was mailed [put in the possession of the USPS] on August 9, 2022, 10:05 am.; that the documents were delivered [picked up at the Postal Facility] on August 10, 2022, 12:09 pm.; and, the documents were signed for by M. F. [McManis Faulkner—Intel]. Therefore, if any part of the documents is missing, such as the pleadings in response to Intel's motion to dismiss and/or Plaintiff's cross-motion for summary judgement, Intel could have replied with a "Motion for a More Definite Statement".

> FRCP Rule 12. Defenses and Objections: (e) Motion for a More Definite Statement. "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be

2

made before filing a responsive pleading and must point out the defects complained of and the details desired."

Intel states in its Objection and Motion to Strike ... "the response was filed ... two weeks after the response deadline of August 16, 2022 ...". Plaintiff filed the response on August 11, 2022 (Dkts. 10 & 11). The response and cross was incorrectly entered on the docket. **Exhibit B** shows how Plaintiff immediately began working on correcting the docket as early as the very next day; August 12, 2022.

Again, Intel was properly served "Plaintiff's Respond to Intel's Motion to Dismiss and Plaintiff's Cross-Motion for Summary Judgement" and knew, or should have known, some type of action was needed before Intel's deadline.

Intel also defaulted in responding to Plaintiff's Cross-Motion for Summary Judgement. Intel fail to "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587, 106 S.Ct. 1348.

In deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the non-movant [Intel]. See *Matsushita Electric Industrial Co., Ltd. et al. v. Zenith Radio Corp.*, et. al., 475 U.S. 547, 587, 106 S.Ct. 1348, 1356 (1986); *see also B.F. Goodrich Co. v. U.S. Filter Corp.*, 245 F.3d 587, 591-92 (6th Cir. 2001).

The moving party [Plaintiff] bears the initial burden of demonstrating the absence of a genuine issue of material fact. Once the moving party [Plaintiff] has carried his burden, the party [Intel] opposing the motion "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587, 106 S.Ct. 1348.

The opposing party [Intel] cannot merely rest upon the allegations contained in its pleadings [motion to dismiss]. Rather, Intel must submit evidence

demonstrating that material issues of fact exist. *Banks v. Wolfe County Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003); Fed. R. Civ. P. 56(e). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party [Intel], there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587, 106 S.Ct. 1348 (quoting *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 289, 88 S.Ct. 1575, 1592 (1968)).

### The Clerk Must Enter Intel's Defaults

FRCP Rule 55. Default; Default Judgment: "(a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

### Intel Ignored Plaintiff's Notice of Possible Infringement

The Federal Circuit clarifies that there are two different tests for willfulness and enhanced damages. Willfulness is the lower standard of the two, and requires "no more than deliberate or intentional infringement." While enhanced damages flows from a finding of willfulness it requires egregious conduct on the part of an infringer. The conduct is measured from the date an adjudged infringer has notice of infringement. **Exhibit C** illustrates, and is proof that date began on December 20, 2010.

The US District for the Eastern Court of Texas in *Motiva Patents, LLC v. HTC Corporation*, E.D. Texas, 9:18-cv-00179 (Oct. 2019), ruled that having a policy of ignoring others' patents is sufficient grounds to support claims of willful patent infringement.

The Eastern District Court found HTC's policy of ignoring others' patents opened the door for support of Motiva's assertions that HTC willfully infringed

4

upon Motiva's patents. The court stated that intentionally being blind to the facts was essentially the same as knowing about a competitor's patent and infringing on it anyway.

The basic principle of "ignorance of the law is no excuse" applies to patent infringement—as the defendant in a Texas patent case discovered.

### Plaintiff is Entitled to Summary Judgment as a Matter of Law.

Pursuant to FRCP Rule 56: Plaintiff has shown that there is no genuine dispute as to any material fact; no genuine dispute as to the validity of Plaintiff's patents and patent claims; no genuine dispute as to who own the patent rights for the CMDC devices Intel is unjustly enriching itself with; no genuine dispute to the violation of Antitrust laws of the Sherman Act, the Clayton Act claims; no genuine dispute as to the contributory patent infringement claims; and, no genuine reason to prolong summary judgement in this case. Plaintiff is entitled to judgment as a matter of law.

Sincerely,

Larry Golden, *Pro Se* Plaintiff
740 Woodruff Rd., #1102
Greenville, SC 29607
(H) 8642885605
(M) 8649927104
Email: atpg-tech@charter.net

5

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 8th day of September, 2022, a true and correct copy of the foregoing "Plaintiff's Response to Intel's Objection and Motion to Strike Plaintiff's Cross-Motion for Summary Judgement", was served upon the following Defendant by priority "express" mail:

> Richard Tyler Atkinson
> McManis Faulkner
> 50 West San Fernando Street, 10th Floor
> San Jose, CA 95113
> Phone: (408) 279-8700
> Fax: (408) 279-3244
> Email: tatkinson@mcmanislaw.com

*/s/ Larry Golden*

Larry Golden, Pro Se
740 Woodruff Rd., #1102
Greenville, South Carolina 29607
atpg-tech@charter.net
864-288-5605