# EXHIBIT E

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

LARRY GOLDEN,
*Plaintiff-Appellant*

v.

APPLE INC., SAMSUNG ELECTRONICS USA, LG ELECTRONICS USA, INC., QUALCOMM INCORPORATED, MOTOROLA SOLUTIONS, INC., PANASONIC CORPORATION, AT&T INC., VERIZON CORPORATION SERVICE GROUP, SPRINT CORPORATION, T-MOBILE USA, INC., FORD GLOBAL TECHNOLOGIES, LLC, FAIRWAY FORD LINCOLN OF GREENVILLE, GENERAL MOTORS COMPANY, KEVIN WHITAKER CHEVROLET, FCA US LLC, BIG O DODGE CHRYSLER JEEP RAM,
*Defendants*

2022-1229

Appeal from the United States District Court for the District of South Carolina in No. 6:20-cv-04353-JD, Judge Joseph Dawson, III.

---

LARRY GOLDEN,
*Plaintiff-Appellant*

v.

## GOOGLE LLC,
*Defendant*

---

2022-1267

---

Appeal from the United States District Court for the District of South Carolina in No. 6:21-cv-00244-JD, Judge Joseph Dawson, III.

---

Decided: September 8, 2022

---

LARRY GOLDEN, Greenville, SC, pro se.

---

Before DYK, TARANTO, and STOLL, *Circuit Judges*.

PER CURIAM

Larry Golden appeals two orders of the United States District Court for the District of South Carolina ("district court") dismissing his patent infringement claims against various defendants. We *affirm* the dismissal in Case No. 22-1229 but *vacate* the dismissal in Case No. 22-1267 and *remand* for further proceedings consistent with this opinion.

### BACKGROUND

Mr. Golden owns a family of patents concerning a system for locking, unlocking, or disabling a lock upon the

detection of chemical, radiological, and biological hazards.[1] In 2019, he sued sixteen defendants in the district court, alleging patent infringement by their development and manufacturing of certain devices. The district court dismissed the suit without prejudice, and this court affirmed the dismissal "on the ground of frivolousness" because Mr. Golden's complaint "offer[ed] only vague generalities and block quotes of statutes, cases and treatises, but nowhere point[ed] us to any nonfrivolous allegations of infringement of any claim by any actual product made, used, or sold by any defendant." *Golden v. Apple Inc.*, 819 F. App'x 930, 931 (Fed. Cir. 2020).

On January 5, 2021, in Case No. 22-1229, Mr. Golden again sued the same sixteen defendants from the 2019 case for patent infringement ("the Apple case"). He initially filed the same over-300-page complaint held to be frivolous in the 2019 case. After the magistrate judge imposed a 35 page limit on the complaint, Mr. Golden filed a shortened complaint complying with the restriction. On January 26, 2021, in Case No. 22-1267, Mr. Golden separately sued Google LLC for patent infringement ("the Google case"). The magistrate judge reviewed the complaints in both cases and recommended summary dismissal with prejudice without issuance of service of process or leave to amend and monetary sanctions for the filing of frivolous litigation.

In both cases, the district court adopted the magistrate judge's recommendations in part. In the Apple case, the district court dismissed the complaint as frivolous without the issuance of service of process but declined to dismiss with prejudice. Additionally, the district court lifted the page restriction for an amended complaint. In the Google case, the district court dismissed the complaint with

---

[1] The patents at issue in these cases are U.S. Patent Nos. 7,385,497; 9,096,189; 9,589,439; 10,163,287 and Reissue Patent Nos. RE43,891 and RE43,990.

prejudice and without the issuance of service of process. Mr. Golden appeals the district court decisions in both cases. We have jurisdiction under 28 U.S.C. § 1295(a)(1). On appeal, Mr. Golden has filed briefs, while the defendants have not filed responsive briefs.

## DISCUSSION

Under the pleading standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a court must dismiss a complaint if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. This standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citation omitted). A plaintiff must allege facts that give rise to "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). In the patent context, this court has explained that a plaintiff need not "plead facts establishing that each element of an asserted claim is met," *In re Bill of Lading Transmission and Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1335 (Fed. Cir. 2012) (citing *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007)), but must plead "'enough fact[s] to raise a reasonable expectation that discovery will reveal' that the defendant is liable for the misconduct alleged." *Id.* at 1341 (alteration in original) (quoting *Twombly*, 550 U.S. at 556). We review the district court's dismissal of the complaint de novo. *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014).

In the Apple case, the district court dismissed the docketed complaint as frivolous after finding that Mr. Golden "failed to include factual allegations beyond the identities of the Defendants, reference to the alleged infringing devices, and the alleged infringed-upon patents." Dist. Ct. Op. at 4–5. We agree with the district court: the docketed complaint is nothing more than a list of patent claims and

accused products manufactured by each defendant for each asserted patent. Mr. Golden contends that his original complaint contained sufficient factual allegations to support his claims. However, he concedes that the rejected original complaint was identical to the one that this court deemed frivolous in the 2019 case. His effort to relitigate the sufficiency of the original complaint is precluded under the doctrine of res judicata. *See Arizona v. California,* 530 U.S. 392, 412 (2000) ("[I]f a court is on notice that it has previously decided the issue presented, the court may dismiss the action *sua sponte,* even though [a preclusion] defense has not been raised."). Mr. Golden does not argue that the docketed complaint contains factual allegations beyond those contained in his original complaint or that the allegations in the docketed complaint do anything beyond listing the alleged infringed-upon patent claims and the alleged infringing devices. This is plainly insufficient. We see no error in the district court's without prejudice dismissal of the Apple case.

In the Google case, the district court again concluded that Mr. Golden's complaint was frivolous. Here, however, Mr. Golden's complaint includes a detailed claim chart mapping features of an accused product, the Google Pixel 5 Smartphone, to independent claims from U.S. Patent Nos. 10,163,287, 9,589,439, and 9,069,189. The district court discounted this claim chart because it "contains the exact same language as the claim charts previously rejected by the Federal Circuit [in the 2019 case], although Google Pixel 5 Smartphone appears in the far left column instead of Apple." Dist. Ct. Op. at 4. But to the extent that the chart includes the "exact same language" as previously rejected charts, it is simply the language of the independent claims being mapped to. The key column describing the infringing nature of the accused products is not the same as the complaint held frivolous in the 2019 case. It attempts—whether successfully or not—to map claim

limitations to infringing product features, and it does so in a relatively straightforward manner.

We conclude that the district court's decision in the Google case is not correct with respect to at least the three claims mapped out in the claim chart. Mr. Golden has made efforts to identify exactly how the accused products meet the limitations of his claims in this chart. On remand, the district court should allow the complaint to be filed and request service of process. Our decision does not preclude subsequent motions to dismiss by the defendant for failure to state a claim or for summary judgment. We express no opinion as to the adequacy of the complaint or claim chart except that it is not facially frivolous.

## CONCLUSION

For the foregoing reasons, we affirm the district court's dismissal in Case No. 22-1229, vacate the dismissal in Case No. 22-1267, and remand for further proceedings consistent with this opinion.

## CASE NO. 22-1229 AFFIRMED

## CASE NO. 22-1267 VACATED AND REMANDED

### COSTS

No costs.