1  TYLER ATKINSON (257997)
   HILARY WEDDELL (293276)
2  McMANIS FAULKNER
   a Professional Corporation
3  50 West San Fernando Street, 10th Floor
   San Jose, California 95113
4  Telephone:    (408) 279-8700
   Facsimile:    (408) 279-3244
5  Email:        tatkinson@mcmanislaw.com

6  Attorneys for Defendant,
   INTEL CORPORATION
7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10               SAN JOSE DIVISION

11

12  LARRY GOLDEN,                    Case No.:  5:22-cv-03828 NC

13              Plaintiff,           **DEFENDANT'S REPLY IN SUPPORT
                                     OF MOTION TO DISMISS**
14       vs.
                                     **[Fed. R. Civ. P. 12(b)(1), 12(b)(6)]**
15  INTEL CORPORATION,
                                     Date:     November 2, 2022
16              Defendant.           Time:     1:00 p.m.
                                     Ctrm.:    5, 4th Floor
17                                   Judge:    Hon. Nathanael M. Cousins

18

19

20

21

22

23

24

25

26

27

28

1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES .................................................................................................. 3

INTRODUCTION ............................................................................................................... 4

LEGAL ARGUMENT ......................................................................................................... 4

    I.     PLAINTIFF DOES NOT HAVE STANDING TO PURSUE HIS
          ANTITRUST CLAIMS. ......................................................................... 5

    II.    THE COMPLAINT FAILS TO STATE A CLAIM FOR
          ALLEGED ANTITRUST VIOLATIONS. ............................................ 6

    III.   THE COMPLAINT FAILS TO STATE A CLAIM FOR
          INFRINGEMENT ................................................................................. 7

    IV.   PLAINTIFF SHOULD NOT BE GIVEN LEAVE TO AMEND
          HIS COMPLAINT. ............................................................................... 8

    V.    PLAINTIFF'S "CROSS MOTION FOR SUMMARY
          JUDGMENT" IS PROCEDURALLY IMPROPER AND SHOULD
          BE STRICKEN. .................................................................................... 8

CONCLUSION ................................................................................................................... 9

DEFENDANT INTEL CORPORATION'S REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT;
CASE NO. C-22-03828 NC

1

## <u>TABLE OF AUTHORITIES</u>

2

### <u>Cases</u>

3

*American Ad Management, Inc. v. General Telephone Co.*
    190 F.3d 1051 (9th Cir. 1999) ................................................... 5

4

*Ascon Properties, Inc. v. Mobil Oil Co.*
5
    866 F.2d 1149 (9th Cir. 1989) ................................................... 8

6
*Ashcroft v. Iqbal*
    556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ................ 7
7

8
*Associated General Contractors of California, Inc. v. California State Council of Carpenters*
    459 U.S. 519 (1983) ................................................................. 5
9

*Bahn v. NME Hosps., Inc.*
10
    772 F.2d 1467 (9th Cir. 1985) ................................................... 6

11
*Bell Atlantic Corp. v. Twombly*
    550 U.S. 544 (2007) ............................................................ 6, 7
12

13
*Bubar v. Ampco Foods, Inc.*
    752 F.2d 445 (9th Cir. 1985) .................................................... 5
14

*California Architectural Bldg. Prod. v. Franciscan Ceramics*
15
    818 F.2d 1466 (9th Cir. 1988) ................................................... 8

16
*California Computer Prod., Inc. v. Int'l Bus. Machines Corp.*
    613 F.2d 727 (9th Cir. 1979) .................................................... 6
17

18
*Foman v. Davis*
    371 U.S. 178 (1962) ................................................................. 8

19
*Golden v. Apple Inc.*
20
    819 Fed.Appx. 930 (Fed. Cir. 2020) ................................... 4, 6, 7

21
*Golden v. Google, LLC*
    2021 WL 5890440 (D.S.C. 2021) ........................................ 4, 6
22

23
*Lujan v. Defs. of Wildlife*
    504 U.S. 555 (1992) ................................................................. 5

24
*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*
25
    269 F. Supp. 2d 1213 (C.D. Cal. 2003) ..................................... 5

26
### <u>Rules</u>

27
Fed. R. Civ. P. 12(b)(1) ................................................................ 1, 6

28
Fed. R. Civ. P. 12(b)(6) ................................................................ 1, 6

DEFENDANT INTEL CORPORATION'S REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT;
CASE NO. C-22-03828 NC

1

**<u>INTRODUCTION</u>**

2      Plaintiff's Response to Defendant Intel Corporation's Motion to Dismiss ("Response")

3  fails to show that Plaintiff, Larry Golden ("Plaintiff"), can state a claim on any legal theory, or

4  has Article III or statutory standing.

5      Plaintiff's allegations—like his previous complaints—are "vague and conclusory,

6  referencing just the alleged infringing devices and the alleged infringed-upon patents."  *See*

7  *Golden v. Google, LLC*, 2021 WL 5890440, at *4 (D.S.C. 2021); *Golden v. Apple Inc.*, 819

8  Fed.Appx. 930, 931 (Fed. Cir. 2020), *cert. denied*, 141 S.Ct. 1067 (2021)  (affirming the

9  dismissal of patent infringement claims because the complaint contained only "vague

10  generalities and block quotes of statutes, cases, and treatises, but nowhere points us to any

11  nonfrivolous allegations of infringement of any claim by any actual product made, used, or sold

12  by any defendant").  Plaintiff's Response does not address the points raised in Intel's motion,

13  and fails to identify any good faith basis for continuing to sue Intel.  Moreover, Plaintiff's

14  Response violates this Court's September 14, 2022 Order (Dkt. 20) as Plaintiff has not filed a

15  single brief as he was granted leave to do, and once again, Plaintiff has not complied with Civil

16  Local Rules 56-1, 7-1, or 7-2.  Thus, Intel incorporates by reference its separate Objection and

17  Motion to Strike Plaintiff's Response to Intel Corporation's Motion to Dismiss and Cross Motion

18  for Summary Judgment (Dkt. 22).

19      Because Plaintiff does not and cannot state a claim, and any further attempt to amend

20  would be futile, the Complaint should be dismissed with prejudice and without leave to amend.

21

**<u>LEGAL ARGUMENT</u>**

22      Plaintiff's Response fails to address Intel's arguments favoring dismissal.  Instead,

23  Plaintiff spends most of his Response attempting to justify his previous complaints against

24  Google, the United States, and Apple (Dkt. 21 at pp. 2-13) and purporting to summarize various

25  antitrust lawsuits and FTC investigations allegedly brought against Intel (Dkt. 21 at pp. 16-20).

26  But nowhere does Plaintiff state how he could amend his Complaint to make the required non-

27  conclusory factual allegations.

28  ///

DEFENDANT INTEL CORPORATION'S REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT;
CASE NO. C-22-03828 NC

I. **PLAINTIFF DOES NOT HAVE STANDING TO PURSUE HIS ANTITRUST CLAIMS.**

As set forth in Intel's motion to dismiss, Plaintiff has not alleged facts showing that he has standing to bring his claims.  Plaintiff has not alleged a concrete injury, nor explained how such an injury is attributable to Intel or how it would be redressable in this action, sufficient to establish Article III standing.  *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-561 (1992).

Plaintiff also fails to satisfy the standing requirement of Section 4 of the Clayton Act, which is even more limited than that required for Article III justiciability.  To establish standing under the Clayton Act, courts look at factors such as: (1) the nature of the plaintiff's alleged injury (whether it is the type the antitrust laws were intended to forestall); (2) the risk of duplicative recovery; (3) the directness of the injury; (4) the speculative measure of damages; and (5) whether damages would be complex to apportion.  *American Ad Mgmt.*, 190 F.3d at 1055 (citing *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 529-535, 538-545 (1983) (hereinafter *Associated General*); *Bubar v. Ampco Foods, Inc.*, 752 F.2d 445, 449 (9th Cir. 1985).  Here, Plaintiff has not provided any non-conclusory facts to demonstrate he has suffered an injury, let alone an antitrust injury.  There are, additionally, no facts to show that damages would be non-speculative, and there is no argument addressing whether damages would be complex to apportion.  Plaintiff therefore lacks standing.

Plaintiff also has not made the required showing that he is "a participant in the same market as the alleged malefactors."  *Bahn v. NME Hosps., Inc.*, 772 F.2d 1467, 1470 (9th Cir. 1985); *Am. Ad Mgmt.*, 190 F.3d at 1057 ("Parties whose injuries, though flowing from that which makes the defendant's conduct unlawful, are experienced in another market do not suffer antitrust injury.").  Participation in a related market is insufficient to demonstrate participation in the relevant market.  *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 269 F. Supp. 2d 1213, 1221 (C.D. Cal. 2003) (finding that "a party does not have standing simply because it has a commercial relationship with a market participant, thereby giving it an economic interest in avoiding restraint of the relevant market by a third party").  Plaintiff is not a participant in, and did not suffer any alleged injury in, the same market in which Intel operates.

5

1    On the face of the pleading, and in light of Plaintiff's litigation history, he will not be

2  able to amend his Complaint to introduce facts sufficient to establish antitrust standing.  He has

3  also not clearly alleged a concrete injury of any kind, and therefore lacks Article III standing.

4  The Complaint should be dismissed under Rule 12(b)(1) and 12(b)(6).

5  **II.    THE COMPLAINT FAILS TO STATE A CLAIM FOR ALLEGED ANTITRUST**
   **VIOLATIONS.**

6

7    As set forth in Intel's motion to dismiss, Plaintiff does not and cannot state a claim under

8  the Sherman Act because he failed to plausibly allege facts showing specific intent to

9  monopolize.  Instead, he merely alleges that he "believes" Intel has specific intent to monopolize

10  (Complaint at ¶ 32), and that "the antitrust violations alleged in this case are too massive to be

11  unintentional" (Complaint at ¶ 68).  As with Plaintiff's other cases, such vague, conclusory, and

12  nonsensical allegations are insufficient under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544

13  (2007).  *See, e.g., Golden v. Apple Inc., supra*, 819 Fed.App'x. at 931; *Golden v. Google, LLC,*

14  *supra*, 2021 WL 5890440, at *4.  Plaintiff's Response does not offer any explanation for how he

15  could amend his Complaint to allege facts to show a specific intent to monopolize.

16    To the extent Plaintiff was attempting to allege a claim under Section 2 for

17  monopolization, he has failed to make the required showing of "(a) the possession of monopoly

18  power in the relevant market; (b) the willful acquisition or maintenance of that power; and (c)

19  causal 'antitrust' injury.'"  *California Computer Prod., Inc. v. Int'l Bus. Machines Corp.*, 613

20  F.2d 727, 735 (9th Cir. 1979).  As just one example, rather than allege actual facts demonstrating

21  an antitrust injury, Plaintiff's Complaint simply declares he has sufficiently alleged the injury:

22  "Plaintiff has sufficiently articulated he has suffered an injury as a result of Intel's alleged

23  conduct that has affected the competitive process of marketing Plaintiffs new, useful, and

24  improved upon laptops, desktop PCs, and CPUs."  (Complaint at ¶ 63.)  Simply saying

25  something is so is not sufficient.  Plaintiff's Response fares no better.  Although Plaintiff's

26  Response purports to summarize various antitrust lawsuits and FTC investigations allegedly

27  brought against Intel, nowhere does it state how Plaintiff could amend his Complaint to make

28  non-conclusory factual allegations that would tend to show the existence of a monopoly, the

6

1   willful acquisition or maintenance of that power, or any "causal antitrust injury," sufficient to

2   allege a claim under Section 2.

3        Plaintiff also fails to state a claim under the Clayton Act as the Complaint fails to

4   articulate any facts to support a plausible claim that Intel engaged in anti-competitive behavior.

5   Plaintiff's conclusory statements purporting to state the alleged anti-competitive behavior, such

6   vague references to "interrelated policies and practices" (Complaint at ¶ 7) and "exclusionary

7   anticompetitive practices" (*id.* at ¶ 67), do not suffice.  To the extent Plaintiff is attempting to do

8   so, he has not stated (and cannot state) a claim under the Clayton Act.

9        Without non-conclusory factual allegations, Plaintiff has failed to inform Intel and the

10  Court of the basis for any antitrust violation he may be attempting to assert.  Simply repeating

11  language from the statutes does not show Plaintiff can state a claim.

12  **III.     THE COMPLAINT FAILS TO STATE A CLAIM FOR INFRINGEMENT.**

13       Plaintiff's infringement claim fares no better.  "Allegations of direct infringement are

14  subject to the pleading standards established by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

15  127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937,

16  173 L.Ed.2d 868 (2009)."  *Golden v. Apple Inc., supra*, 819 Fed.App'x at 930-931.   This means

17  a complaint must allege "enough facts to state a claim to relief that is plausible on its face."

18  *Twombly, supra*, 550 U.S. at 555, 570.

19       Here, as detailed in Intel's Opening Brief, Plaintiff's Complaint is almost entirely devoid

20  of facts supporting his infringement claims.  Instead, Plaintiff's allegations are the same type of

21  "unadorned, the-defendant-unlawfully-harmed-me" accusations that were rejected as insufficient

22  in *Iqbal*.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Like Plaintiff's prior complaints, this

23  Complaint contains only conclusory formulaic recitations of the elements of his claims.  *See,*

24  *e.g., Golden v. Apple Inc., supra*, 819 F.App'x at 931 ("Golden's amended complaint … contains

25  only conclusory formulaic recitations of the elements of patent infringement….").  Plaintiff has

26  not—and cannot—state a claim for infringement.

27  ///

28  ///

DEFENDANT INTEL CORPORATION'S REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT;
CASE NO. C-22-03828 NC

**IV.     PLAINTIFF SHOULD NOT BE GIVEN LEAVE TO AMEND HIS COMPLAINT.**

"Valid reasons for denying leave to amend include undue delay, *bad faith*, *prejudice*, and *futility*." *California Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1988) (emphasis added).  In determining whether to grant leave to amend, the court considers a variety of factors, including "*repeated failure to cure deficiencies by amendments previously allowed*, *undue prejudice to the opposing party* by virtue of allowance of the amendment, [and] *futility of the amendment*[.]"  *Foman v. Davis*, 371 U.S. 178, 182 (1962) (emphasis added).

Here, Plaintiff has repeatedly attempted to allege the same frivolous claims in multiple other courts.  As demonstrated by these other lawsuits, there are no facts that Plaintiff can allege to support his frivolous and harassing claims.  Because the complaint cannot be saved by amendment, and amendment would be solely an exercise in futility, dismissal without leave to amend is proper.  *See Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160-1061 (9th Cir. 1989).

**V.     PLAINTIFF'S "CROSS MOTION FOR SUMMARY JUDGMENT" IS PROCEDURALLY IMPROPER AND SHOULD BE STRICKEN.**

On September 14, 2022, the Court struck Plaintiff's earlier Response and "Cross Motion for Summary Judgment" (which is substantially similar to the current Response) based on Plaintiff's failure to comply with the relevant rules.  The Court noted, "the summary judgment motion does not comply with the procedural requirements of Civil Local Rules 56-1, 7-1, and 7-2. … Golden is granted permission to file a single brief, not to exceed 25 pages, by September 28, 2022." (Dkt. 20.)

On September 28, 2022, Plaintiff once again filed two combined briefs, a "Response to Defendant's Motion to Dismiss and Plaintiff's Notice of Authority In Support of Plaintiff's Cross-Motion for Summary Judgement."  (Dkt. 21.)  Plaintiff has not filed a single brief as he was granted leave to do, and once again, Plaintiff has not complied with Civil Local Rules 56-1, 7-1, or 7-2.  On September 30, 2022, Intel filed an Objection and Motion to Strike Plaintiff's Response to Intel Corporation's Motion to Dismiss and Cross Motion for Summary Judgment.

8

(Dkt. 22.)

To the extent Plaintiff's Response purports to be a motion for summary judgment, Plaintiff has not complied with Civil Local Rules 56-1, 7-1, or 7-2, and it therefore should be stricken.

<u>**CONCLUSION**</u>

Plaintiff's action against Intel does not state a claim, and any attempt to amend would be futile.  The entire action should be dismissed with prejudice and without leave to amend.


DATED:  October 12, 2022                                      McMANIS FAULKNER


                                                             */s/ Hilary Weddell*
                                                             _____
                                                             TYLER ATKINSON
                                                             HILARY WEDDELL

                                                             Attorneys for Defendant, Intel Corporation

DEFENDANT INTEL CORPORATION'S REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT; CASE NO. C-22-03828 NC

## <u>CERTIFICATE OF SERVICE</u>

I am employed in the County of Santa Clara, State of California. I am over the age of 18 and not a party to the within action; my business address is 50 West San Fernando Street, 10th Floor, San Jose, California 95113.  My email address is: lmoniz@mcmanislaw.com

On October 12, 2022, I served the foregoing document described as:

### **DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**

on the parties in this action by placing a true copy(ies) or the original(s) thereof enclosed in a sealed envelope(s) addressed as follows:

Larry Golden                                              Pro Se
740 Woodruff Rd., #1102
Greenville, SC 29607
864-288-5605

☒     **(BY FEDERAL EXPRESS)** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses listed above or on the attached service list.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

Dated:  October 12, 2022                    /s/ *Lisa M. Moniz*

Lisa M. Moniz

DEFENDANT INTEL CORPORATION'S REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT; CASE NO. C-22-03828 NC