TYLER ATKINSON (257997)
HILARY WEDDELL (293276)
McMANIS FAULKNER
a Professional Corporation
50 West San Fernando Street, 10th Floor
San Jose, California 95113
Telephone:   (408) 279-8700
Facsimile:   (408) 279-3244
Email:       tatkinson@mcmanislaw.com

Attorneys for Defendant,
INTEL CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LARRY GOLDEN<br><br>    *Pro Se* Plaintiff,<br><br>    vs.<br><br>INTEL CORPORATION<br><br>    Defendant, | Case No.:   C-22-03828 NC<br><br>**INTEL CORPORATION'S OPPOSITION TO PLAINTIFF'S "MOTION FOR PERMANENT INJUNCTIVE RELIEF"** |

Defendant, INTEL CORPORATION ("Intel"), opposes plaintiff's "Motion for Permanent Injunctive Relief." This "motion," which appears to be two motions combined into one filing, is supported by no evidence, offers no relevant legal analysis, and violates multiple civil local rules. For the reasons addressed below, plaintiff's requests should be denied.

**First**, plaintiff provides no admissible evidence in support of the motion. "A permanent injunction is very different from a pendente lite injunction." *BladeRoom Grp. Ltd. v. Emerson Elec. Co.*, No. 5:15-CV-01370-EJD, 2019 WL 1117537, at *2 (N.D. Cal. 2019) (J. Davila) (quoting *Art Movers, Inc. v. Ni West, Inc.*, 3 Cal. App. 4th 640, 646 (1992)). "[A] permanent injunction, notwithstanding its discretionary component, **must be sufficiently supported by the evidence of record**." *Id* (emphasis added). (quoting *DVD Copy Control Ass'n, Inc. v. Kaleidescape, Inc.*, 176 Cal. App. 4th 697, 721 (2009)). "If the evidence is insufficient to justify issuance of a permanent injunction, the trial court simply [has] no discretion . . . [Citation.]" *Id*.

In the present case, plaintiff's filing contains *no* evidence, and his requests must be denied. See *id*.; Civil Local Rule 7-5 (requirement of an affidavit or declaration).[1]

**Second**, plaintiff does not address, let alone satisfy, the four-factor test to obtain a permanent injunction. *See eBay Inc. v. MercExchange, L.L.C.,* 547 U.S. 388, 391 (2006). A plaintiff seeking a permanent injunction must satisfy a four-factor test: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. *Id*.

Here, plaintiff's filing does not, directly or indirectly, engage these factors or demonstrate how they are satisfied. Instead, the *only* legal discussion in plaintiff's filing concerns an opinion by the Federal Circuit Court of Appeals, *Golden v. Apple Inc.*, 2022 WL 4103285 (Fed. Cir. Sept. 8, 2022). In that opinion, the Federal Circuit affirmed dismissal of a *Golden* case against Apple and vacated dismissal of a separate *Golden* case against Google. (*Id*. at *1.)

---

[1] Even the pleadings are not yet at issue. (See Dkt. 7 (Intel's pending Motion to Dismiss).)

This Federal Circuit opinion has no relevance to the present request for an injunction, and plaintiff misconstrues its application.  Plaintiff misleadingly excerpts a passage of the opinion, but skips over the portion in which dismissal was *affirmed*: "In the *Apple* case, the district court dismissed the docketed complaint as frivolous after finding that Mr. Golden 'failed to include factual allegations beyond the identities of the Defendants, reference to the alleged infringing devices, and the alleged infringed-upon patents.' (Citation.)  We agree with the district court: the docketed complaint is nothing more than a list of patent claims and accused products manufactured by each defendant for each asserted patent." *Id.* at *2.

With regard to the *Google* case, the appellate court merely ruled:

> [T]he district court should allow the complaint to be filed and request service of process. **Our decision does not preclude subsequent motions to dismiss by the defendant for failure to state a claim or for summary judgment.  We express no opinion as to the adequacy of the complaint or claim chart except that it is not facially frivolous.**

*Ibid*. (emphasis added).

This is a far cry from the sweeping pronouncement plaintiff claims in his papers.  Moreover, regardless, the Federal Circuit opinion says nothing on the subject at hand, i.e., the grounds for a permanent injunction, and it therefore has no bearing on the present filing.

**Third**, to the extent plaintiff's filing states that it is a "motion for summary judgment" (see Dkt. 27, p. 14), plaintiff has not complied with Civil Local Rules 56-1, 7-1, or 7-2.  The filing also exceeds page limits and purports to be two combined motions: a motion for an injunction and a motion for summary judgment.  *Contra id.*, Rule 7-2(b).

For the foregoing reasons, plaintiff's motion (or motions) should be denied.  Plaintiff offers no evidence, no relevant legal discussion, and violates several local rules in the process.

DATED:  November 22, 2022                                         McMANIS FAULKNER

                                                */s/ Tyler Atkinson*
                                                TYLER ATKINSON
                                                Attorneys for Defendant, Intel Corporation

# CERTIFICATE OF SERVICE

I am employed in the County of Santa Clara, State of California. I am over the age of 18 and not a party to the within action; my business address is 50 West San Fernando Street, 10th Floor, San Jose, California 95113.  My email address is: lmoniz@mcmanislaw.com

On November 22, 2022, I served the foregoing document described as:

**INTEL CORPORATION'S OPPOSITION TO PLAINTIFF'S "MOTION FOR PERMANENT INJUNCTIVE RELIEF"**

on the parties in this action by placing a true copy(ies) or the original(s) thereof enclosed in a sealed envelope(s) addressed as follows:

Larry Golden                                                                                  Pro Se
740 Woodruff Rd., #1102
Greenville, SC 29607
864-288-5605

☒      **(BY FEDERAL EXPRESS)** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses listed above or on the attached service list.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

Dated:  November 22, 2022                         /s/ *Lisa M. Moniz*

                                                                    Lisa M. Moniz