UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY GOLDEN,<br>   Plaintiff,<br>  v.<br>INTEL CORPORATION,<br>   Defendant. | Case No. 22-cv-03828-NC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br>Re: ECF 7 |

Before the Court is Defendant Intel's Motion to Dismiss a Complaint including patent infringement claims pursuant to Fed. R. Civ. P. 12(b)(6) and to dismiss antitrust claims for lack of standing under Fed. R. Civ. P. 12(b)(1). For the reasons discussed below, the Motion to Dismiss is GRANTED. Leave to amend is DENIED.

**I. BACKGROUND**

This case involves seven different patents: 7,385,497 ('497 patent); 8,106,752 ('752 patent); 9,096,189 ('189 patent); 9,589,439 ('439 patent); 10,163,287 ('287 patent); 10,984,619 ('619 patent); and 43,891 ('891 patent).

Plaintiff owns the rights to "a family of patents concerning a device for detecting chemical, radiological, and biological hazards." *Golden v. United States*, No. 13-307C, Dkt. 249 (U.S. Ct. Fed. Claims, Nov. 10, 2021). These patents are formally entitled, "multi sensor detection and lock disabling system" and "multi sensor detection, stall to stop and lock disabling system." ECF 7-1, Atkinson Decl., ¶¶ 18-24, Exhs. Q through W (the patents at issue). "The patents appear to involve technology that can be used to detect explosives/radiation and then disable vehicles or other apparatuses wherein the explosives/radiation are detected." *Golden v. Apple Inc.*, No. 20-cv-04353-JD-KFM, 2021 WL 5074739, at *1 (D.S.C. Nov. 2, 2021). Plaintiff refers to these patents as "CMDC

patents," referencing a phrase that appears in some of his patent claims: "communicating, monitoring, detecting, and controlling." *See, e.g.*, ECF 7-1, Atkinson Decl., ¶ 22, Exh. U at p. 26. Although he insinuates otherwise, Golden does not plausibly allege he has a patent in Central Processing Units (CPUs), laptops, or any of the technology used by Intel. The patents themselves confirm that he does not. *See, e.g.* Compl. ¶¶ 10, 43; Golden patents, ECF 7-1, Atkinson Decl., ¶¶ 18-24, Exhs. Q through W.

Golden alleges Intel "formed" a monopoly by producing "infringing" CPUs that process instructions for his threat-detection devices. Compl. ¶ 1. Plaintiff alleges Intel engages in "exclusionary conduct" that "raises prices paid by consumers for Plaintiff's . . . laptops, desktop PCs, cell phones, and stall, stop, and vehicle slowdown systems." *Id.* at ¶ 2. Intel's "contributory infringement commence from the manufacture of the patented CPUs . . . ." *Id.* at ¶ 6 (quotation marks, emphasis, and ellipsis removed from original text).

Additionally, Golden alleges that Intel engages in retaliation against computer makers if they do business with non-Intel suppliers by withholding benefits from them. *Id.* ¶ 9. Additionally, he alleges that "Intel has excluded competitors and harmed competition through interrelated policies and practices." *Id.* ¶ 7. Finally, Golden asserts that "Intel continues to condition benefits to computer makers in exchange for their promise to buy chips from Intel exclusively or to refuse to buy chips from others." *Id.* ¶ 8.

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When reviewing a 12(b)(6) motion, a court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the non-moving party." *Retail Prop. Trust v. United Bd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). A court, however, need not accept as true "allegations that are merely conclusory,

2

unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

Because Article III standing pertains to a court's subject matter jurisdiction, it is proper to challenge it as part of a motion to dismiss pursuant to Fed. R. Civ. P 12(b)(1). *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). To have Article III standing, Plaintiff must establish (1) an actual, concrete injury, (2) fairly traceable to the defendant, and (3) that it is likely the injury will be redressed by a favorable decision. *Lujan v. Defs. of Wildlife* 504 U.S. 555, 560–61 (1992).

With respect to antitrust claims under the Sherman Act, to enforce Section 2 a plaintiff must satisfy the standing requirements of Section 4 of the Clayton Act. *Cyntegra, Inc. v. Idexx Lab'ys, Inc.*, 520 F. Supp. 2d 1199, 1208-1210 (C.D. Cal. 2007), *aff'd*, 322 F. App'x 569 (9th Cir. 2009). Standing under the Clayton Act is even more limited than that required for Article III justiciability. *See Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 529-535 (1983).

To evaluate antitrust standing, the Supreme Court has identified a number of relevant factors: (1) the nature of the plaintiff's alleged injury (whether it is the type the antitrust laws were intended to forestall); (2) the risk of duplicative recovery; (3) the directness of the injury; (4) the speculative measure of damages; and (5) whether damages would be complex to apportion. *Am. Ad Mgmt., Inc. v. Gen. Tel. Co. of California*, 190 F.3d 1051, 1055 (9th Cir. 1999) (internal citations omitted)*; Bubar v. Ampco Foods, Inc.,* 752 F.2d 445, 449 (9th Cir.1985).

## III. DISCUSSION

### A. Patent Infringement

Golden attempts to allege both direct infringement, Compl. ¶¶ 21, 77 and contributory infringement on the part of Intel. *Id.* at ¶¶ 76-83. Neither of these attempts are successful.

"Allegations of direct infringement are subject to the pleading standards established by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)." *Golden v. Apple Inc.*, 819 F. App'x 930, 930-931 (Fed. Cir. 2020), *cert. denied*, 141 S. Ct. 1067. Here, Golden's complaint contains very few facts about what allegedly occurred, when, and by whom. The allegations against Intel are conclusory and contain formulaic recitations of the elements of asserted claims. It is nearly impossible to tell which patents he alleges are being infringed and how. As has been the case in past litigation, Golden has "failed to include factual allegations beyond the identities of the defendants, reference to the alleged infringing devices, and the alleged infringed-upon patents." *See Golden v. Apple Inc.*, No. 20-cv-04353-JD-KFM, 2021 WL 5074739, at *2 (D.S.C. Nov. 2, 2021), *aff'd*, No. 2022-1229, 2022 WL 4103285 (Fed. Cir. Sept. 8, 2022) (noting same).

To the extent that Golden accuses Intel of contributory infringement, he has also failed to state a claim. The elements of a claim for contributory infringement, under the Patent Act, are: (1) selling a device capable of infringing the patent, which is not suitable for substantial non-infringing use, (2) with knowledge that the infringing device was especially adapted for use in an infringement of such patent, and (3) actual infringement by another. *AntiCancer, Inc. v. Fujifilm Med. Sys. U.S.A., Inc.,* 745 F. Supp. 2d 1165, 1170 (S.D. Cal. 2010). Golden has not alleged any of those elements. He accuses Intel of conspiracy with other actors but does not allege the selling of any device, knowledge, or actual infringement. Nor does he allege the identities of any of Intel's co-conspirators. This type of conclusory accusation is insufficient under Fed. R. Civ. P. 12(b)(6).

Although not dispositive, several other Courts have held that virtually the same patent

4

claims at issue here are frivolous. *Golden v. Google*, LLC, No. 21-cv-00244-JD-KFM, 2021 WL 5083804 (D.S.C. Nov. 2, 2021) (dismissing complaint as "frivolous"), C/A No. 21-2318, 2021 WL 8566191 (4th Cir. Dec. 7, 2021) (dismissing appeal); *Golden v. Apple Inc.*, No. 20-cv-04353-JD-KFM, 2021 WL 5074739 (D.S.C. Nov. 2, 2021) (dismissing complaint as "frivolous"); *Golden v. Apple Inc.*, No. 20-cv-02270-JD-KFM, 2021 WL 4260782 (D.S.C. Sept. 20, 2021) (dismissing complaint as "frivolous"), dismissal aff'd C/A No. 21-2160, 2022 WL 986984 (4th Cir. Mar. 31, 2022); *Golden v. Apple Inc.*, et al., C/A No. 19-cv-02557-DCC, 2020 WL 415896 (D.S.C. Jan. 27, 2020) (dismissing case as duplicative); dismissal aff'd C/A No. 20-1508, 2020 WL 5240656, 819 Fed.Appx. 930 (Fed. Cir. Sept. 3, 2020) (affirming dismissal "not on the basis of duplicity, but on the ground of frivolousness"). Golden here attempts to bring against Intel the same claims that have previously been dismissed against Google, Apple, and others.

### B. Unjust Enrichment

Golden further alleges unjust enrichment. Compl. ¶¶ 23-33. Under California law, "[u]njust enrichment" itself is "not a cause of action ... or even a remedy, but rather a general principle, underlying various legal doctrines and remedies"; it is "synonymous with restitution." *See McBride v. Boughton*, 123 Cal. App. 4th 379, 387 (2004) (internal quotation and citation omitted). Because the Court concludes that Golden has not stated a claim for either direct or contributory patent infringement, he cannot state a claim for unjust enrichment.

### C. Antitrust

Next, Golden brings several[1] antitrust claims against Intel stemming from "competitor collaborations, conspiracy to restrain trade, and the illegal formation or maintenance of a monopoly, which likely resulted from a secret conspiracy and the anticompetitive practices recognized by this Court." Compl. at 1.

---

[1] Because Golden neither breaks down his allegations down into counts, nor provides a numbering system, it is challenging to say exactly how many counts are at issue. Sufficed to say, the antitrust accusations are brought up in different contexts throughout the complaint. In all cases, Golden lacks standing.

5

1     A preliminary inquiry is whether Golden has standing to bring those claims. The Court concludes that he does not have standing either under Article III or under Section 2 of the Sherman Act.

First, for a plaintiff to have Article III standing, he must establish (1) an actual, concrete injury, (2) fairly traceable to the defendant, and (3) that it is likely the injury will be redressed by a favorable decision. *Lujan v. Defs. of Wildlife* 504 U.S. 555, 560–61 (1992). Here, Plaintiff cannot meet this requirement because he does not allege any concrete injury to himself or explain how that injury would be redressable.

With respect to the Sherman Act, to enforce Section 2, as Plaintiff seeks to, a plaintiff must satisfy the standing requirements of Section 4 of the Clayton Act. *Cyntegra, Inc. v. Idexx Lab'ys, Inc.*, 520 F. Supp. 2d 1199, 1208-1210 (C.D. Cal. 2007), aff'd, 322 F. App'x 569 (9th Cir. 2009). Standing under the Clayton Act is even more limited than that required for Article III justiciability. *See Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 529-535 (1983). To evaluate antitrust standing, the Supreme Court has identified a number of relevant factors: (1) the nature of the plaintiff's alleged injury (whether it is the type the antitrust laws were intended to forestall); (2) the risk of duplicative recovery; (3) the directness of the injury; (4) the speculative measure of damages; and, (5) whether damages would be complex to apportion. *Am. Ad Mgmt., Inc. v. Gen. Tel. Co. of California*, 190 F.3d 1051, 1055 (9th Cir. 1999) (internal citations omitted)*; Bubar v. Ampco Foods, Inc., 752 F.2d 445, 449 (9th Cir.1985)).

To establish antitrust injury, a plaintiff must show that he suffered an "injury of the type the antitrust laws were intended to prevent and that flows from that which makes defendants' acts unlawful." *American Ad Mgmt.*, 190 F.3d at 1055 (quoting *Atl. Richfield Co. v. USA Petroleum Co.*, 495 U.S. 328, 334 (1990)). Moreover, "the injured party [must] be a participant in the same market as the alleged malefactors." *Bahn v. NME Hosps., Inc.*, 772 F.2d 1467, 1470 (9th Cir. 1985); *Am. Ad Mgmt.*, 190 F.3d at 1057 ("Parties whose injuries, though flowing from that which makes the defendant's conduct unlawful, are

6

experienced in another market do not suffer antitrust injury.").

Here, Golden has not alleged that he is a participant in the same market as Intel, let alone that he suffered injury in the market in which Intel operates. Additionally, he has not offered any explanation of how alleged damages of tens of billions of dollars are non-speculative or easy to apportion. Indeed, Golden repeatedly notes that he "believes" there to be a conspiracy but offers no allegations about the scope of the conspiracy or how it impacts him. As one further example, Golden alleges that "Intel has excluded competitor and harmed competition through interrelated policies or practices." Compl. ¶ 7. But he neither identifies what those practices are, nor does he assert that he has been harmed by them or explain to what extent.

Accordingly, Golden has no standing to bring antitrust claims against Intel and the Motion to Dismiss is GRANTED.

### D. Leave to Amend

Leave to amend should be freely granted unless amendment would be futile. Fed. R. Civ. P. 15. Having carefully considered the record, the Court concludes that leave to amend would be futile. With respect to the patent infringement claims, Golden offers nothing other than conclusory allegations. Nonetheless, were this Golden's first attempt to bring such allegations forward, the Court might be inclined to provide an opportunity for him to expand. But Golden has had multiple suits, with nearly identical allegations dismissed as frivolous. *Golden v. Google, LLC*, No. 21-cv-00244-JD-KFM, 2021 WL 5083804 (D.S.C. Nov. 2, 2021) (dismissing complaint as "frivolous"), C/A No. 21-2318, 2021 WL 8566191 (4th Cir. Dec. 7, 2021) (dismissing appeal); *Golden v. Apple Inc.*, No. 20-cv-04353-JD-KFM, 2021 WL 5074739 (D.S.C. Nov. 2, 2021)(dismissing complaint as "frivolous"); *Golden v. Apple Inc.*, No. 20-cv-02270-JD-KFM, 2021 WL 4260782 (D.S.C. Sept. 20, 2021) (dismissing complaint as "frivolous"), dismissal *aff'd* C/A No. 21-2160, 2022 WL 986984 (4th Cir. Mar. 31, 2022); *Golden v. Apple Inc.*, et al., C/A No. 19-cv-02557-DCC, 2020 WL 415896 (D.S.C. Jan. 27, 2020) (dismissing case as duplicative); dismissal aff'd C/A No. 20-1508, 2020 WL 5240656, 819 Fed.Appx. 930 (Fed. Cir. Sept.

3, 2020) (affirming dismissal "not on the basis of duplicity, but on the ground of frivolousness").

With respect to the antitrust claims, leave to amend will not change the fact that Golden lacks standing. Accordingly, leave to amend is DENIED. *Terrado v. U.S. Bank N.A.*, 801 F. App'x 580 (9th Cir. 2020) (denying leave to amend upon finding pro se plaintiff lacked standing).

## IV. CONCLUSION

Intel's motion to dismiss patent infringement and unjust enrichment claims under Fed. R. Civ. P. 12(b)(6) is GRANTED. Additionally, Intel's Motion to Dismiss the antitrust claims for lack of standing under Fed. R. Civ. P 12(b)(1) is GRANTED. Finally, because the Court finds that it would be futile, leave to amend is DENIED.

**IT IS SO ORDERED.**

Dated: November 22, 2022

_____
Nathanael M. Cousins
United States Magistrate Judge